Bennie **GRISMORE**, Appellant,

v.

**STATE** of Texas, Appellee.

No. 11–91–234–CR.

Court of Appeals of Texas, Eastland.

Nov. 5, 1992.

Discretionary Review Refused Feb. 3, 1993.

Hunter B. Brush, Tyler, for appellant.

Jack Skeen, Jr., Criminal Dist. Atty., Tyler, for appellee.

Before McCLOUD, C.J., and DICKENSON and ARNOT, JJ.

## OPINION

McCLOUD, Chief Justice.

The jury convicted Bennie Grismore of aggravated robbery and assessed his punishment at confinement for life and a fine of $5,000. We affirm.

Appellant has briefed two points of error. In the first point, he argues that the trial court erred in admitting evidence of an extraneous offense. In order to determine if the trial court erred in admitting the evidence, we must determine: (1) whether the evidence was relevant and (2) whether the court abused its discretion in admitting the evidence. *Montgomery v. State*, 810 S.W.2d 372 (Tex.Cr.App.1990);

see also TEX.R.CRIM.EVID. 401–403, 404(b).

The complainant testified that he was driving down the road in his white Nissan pickup when appellant flagged him down and asked him if he would jump start appellant's car. The complainant did not know appellant but thought that he looked familiar. He reluctantly followed while appellant walked two blocks to a park, where appellant's car was supposedly located. Upon arriving at the park, the complainant noticed that there was no car in the parking lot and decided to leave. Before the complainant could leave, appellant pulled a pistol from his pocket, told the complainant to get out of the truck, and asked for his wallet and money. After the complainant complied, appellant shot him in the chest. The complainant then managed to run back to the main road and find someone to take him to the hospital. During cross-examination, appellant challenged the complainant's identification of appellant by asking questions such as:

Q: Looked like the person you had seen. Now, do you suppose ... that it might be possible that you're mistaken about this young man being the person that flagged you down and shot you that night?

\*   \*   \*   \*   \*   \*

Q: Even though it was very dark when you saw him?

\*   \*   \*   \*   \*   \*

Q: You don't think there's any possibility that it might be somebody that looks like somebody rather than this particular person?

\*   \*   \*   \*   \*   \*

Q: Is there any possibility that the person who flagged you down that night and who shot you was pretending to have a stutter?

\*   \*   \*   \*   \*   \*

Q: The fact of the matter is, you don't really know for sure that this is the person that you encountered that night, yes?

The record shows that, after the complainant testified, appellant's former girl-

friend testified regarding the complained-of extraneous offense. She testified that, on the morning after the complainant's truck was stolen, appellant was driving a white Nissan pickup when he tried to force her to pull over, pointed a shotgun at her car, chased her down the highway, and fired two shots. She ran into a store, told the manager that someone was trying to shoot her, and called the police. Appellant also stopped at the store. As the police approached, appellant drove away, and the police followed. Two police cars pursued appellant for eight to ten blocks before he stopped. The white Nissan pickup driven by appellant was the pickup that had been stolen from the complainant the night before. Inside the pickup, the police found a .22 rifle but did not find any evidence that the rifle had been fired from the pickup.

■ The trial court ruled that the evidence was admissible under Rule 404(b) for the limited purpose of showing motive, plan, or identity and that the probative value of the evidence outweighed any prejudicial effect. The testimony was relevant to identity in that it placed appellant in the stolen pickup the morning after it had been stolen. The trial court did not abuse its discretion in admitting the extraneous offense for the purpose of showing identity. Moreover, we find that the trial court did not abuse its discretion in admitting the evidence because the evidence was admissible to show the circumstances surrounding appellant's arrest since appellant was apprehended in the stolen pickup. See *Cantrell v. State*, 731 S.W.2d 84, 92 (Tex.Cr. App.1987). The first point of error is overruled.

■ In the second point of error, appellant argues that the trial court erred in failing to include in the jury charge the definition of "reasonable doubt" that was made mandatory by *Geesa v. State*, 820 S.W.2d 154 (Tex.Cr.App.1991). The *Geesa* court held that the new definition was applicable to *Geesa* and prospectively to "all cases tried hereafter." The court's ratio-

nale in applying the case prospectively, rather than retrospectively, was that the rule is procedural in nature and does not confer any greater constitutional protection than previously existed. The *Geesa* opinion was rendered on November 6, 1991. Appellant's trial commenced on the same day.

Voir dire began in appellant's trial at approximately 10:30 a.m. on November 6. The jury was seated, and the trial commenced that day after lunch. The charge, which did not include the *Geesa* definition of reasonable doubt, was read to the jury at 10:12 a.m. on November 8, 1991. After the jury had begun deliberating, the trial court received information from appellant's attorney regarding the *Geesa* ruling and requested that a copy of the opinion be sent by "fax from Austin." The jury reached a verdict while the fax was being transmitted. The court read *Geesa* and then received the jury's verdict without giving supplemental instructions concerning the definition of reasonable doubt. In so ruling, the court noted that the jury had "completed their deliberations under the instructions and manner in which this case was tried prior to the Court becoming aware of" *Geesa*.

We hold that the mandated definition of "reasonable doubt" is not applicable to the instant case because appellant's trial commenced contemporaneously with the *Geesa* decision, not after that decision. Based upon the definition of "hereafter"[1] and upon the court's rationale in *Geesa*, we hold that *Geesa* is applicable to cases commenced after November 6, 1991, not to cases commenced on that date. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.

---

1. BLACK'S LAW DICTIONARY 653 (5th ed. 1979) defines "hereafter" as: "A word of futurity, always used in statutes and legal documents as indicative of future time, excluding both the present and the past."